Joseph JASSEY, Petitioner,

v.

Alberto GONZALES,* Attorney General, Respondent.

No. 03–70641.

Agency No. A73–413–786.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2005.**

Decided Feb. 11, 2005.

Nicholas W. Marchi, Carney & Marchi, P.S., Seattle, WA, for Petitioner.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the Untied States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**20**

Regional Counsel, Laguna Niguel, CA, WWS—District Counsel, Seattle, WA, Joan E. Smiley, Richard M. Evans, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before FERNANDEZ, GRABER, and GOULD, Circuit Judges.

### MEMORANDUM***

Joseph Jassey, a native and citizen of the Gambia, petitions for review of a decision by the Board of Immigration Appeals affirming, without opinion, an Immigration Judge's ("IJ") denial of his application for asylum and withholding of deportation. We have jurisdiction under former 8 U.S.C. § 1105a(a). *See Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997). We review an adverse credibility determination for substantial evidence. *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001). We grant the petition for review and remand for further proceedings.

■ The record does not reflect the inconsistencies the IJ cited to support her adverse credibility determination. *See He v. Ashcroft*, 328 F.3d 593, 600 (9th Cir. 2003) (finding no substantial evidence to support an adverse credibility determination where the IJ's conclusions were inconsistent with the record). Whereas the IJ stated that Jassey testified inconsistently about how long it took him to research the political documents he authored, the record reflects that Jassey was asked two different questions: first, how long it took him to do the research, and second, when he started writing.

Further, when Jassey testified that he had never been convicted of a crime, the record reflects that he understood he was being asked whether or not he had spent time in prison, not whether he had been convicted in absentia for the very activity upon which he based his asylum claim.

Finally, the IJ's statement that it was "hard to believe" the Gambian government would wait as long as it did to file criminal charges against Jassey constitutes speculation and conjecture as to when and how charges would have been brought against Jassey. *See Ge v. Ashcroft*, 367 F.3d 1121, 1125 (9th Cir.2004) (rejecting adverse credibility determination "based on what Chinese authorities would or would not do"); *see also Bandari v. INS*, 227 F.3d 1160, 1167–68 (9th Cir.2000).

■ As the agency did not address whether Jassey's testimony, when deemed credible, is sufficient to establish eligibility for asylum and withholding of deportation, we remand for further proceedings. *See He*, 328 F.3d at 603–04; *INS v. Ventura*, 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**

***This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.